1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU,<br><br>Plaintiff,<br><br>v.<br><br>COST KERESTENZIS, *et al.*,<br><br>Defendants. | Case No.  2:24-cv-3353-DJC-JDP (PS)<br><br><br>ORDER |

Plaintiff, proceeding without counsel, brings this action against various defendants, alleging that they violated her rights by terminating her teaching job.  ECF No. 1 at 6.  Her complaint cannot proceed as articulated.  I will dismiss the complaint and give plaintiff a chance to amend her complaint before recommending dismissal of the case.  I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The particulars of plaintiff's complaint are somewhat obscured by length and lack of organization, but it is apparent that the claims at issue here have been the subject of substantial and, in some cases, ongoing litigation in state court. Plaintiff acknowledges this explicitly. ECF No. 1 at 36-38. Some of this litigation has concluded, but at least four cases appear ongoing insofar as they are labelled "not final." *Id.* This state litigation, both finalized and ongoing, presents obstacles to the current litigation. The ongoing cases implicate the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), which commands federal courts to refrain from interfering in parallel state court proceedings in most circumstances. The finalized cases potentially implicate the *Rooker-Feldman* doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court

judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Plaintiff has filed a similar case in this district, and the magistrate judge in that case made similar findings on screening. *See Wu v. Twin Rivers United Educators*, No. 2:24-cv-2707-DAD-AC (E.D. Cal. Oct. 29, 2024) at ECF No. 3.

Accordingly, the complaint is dismissed for the reasons stated above. I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant and to better organize her complaint. She must also explain why her claims are not barred by the doctrines discussed above. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: __February 27, 2025__    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4