UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU,<br><br>        Plaintiff,<br><br>    v.<br><br>COST KERESTENZIS, *et al.*,<br><br>        Defendants. | Case No.  2:24-cv-3353-DJC-JDP (PS)<br><br>ORDER |

Plaintiff has filed a motion seeking electronic filing privileges, a motion to stay, a motion to merge this case with another case she has pending in this district, and a first amended complaint. For the following reasons, I will deny plaintiff's motions and dismiss her first amended complaint with leave to amend.

**Motion for Electronic Filing Privileges**

Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff seeks electronic filing privileges because she has limited financial resources and no job. ECF No. 10 at 1.

1

1  However, her motion does not demonstrate good cause to depart from the normal filing procedure
2  for unrepresented litigants.  The motion is denied.

## Motion to Stay

Plaintiff has filed a motion to stay this action.  While the motion is difficult to follow, it appears that plaintiff uses the motion to outline the circumstances of her termination from employment by defendant Twin Rivers Unified School District.  ECF No. 12.  However, the motion does not explain why this action should be stayed.  Indeed, it appears that plaintiff may not wish to stay this action, since the motion is titled, "Motion for Abeyance if Necessary on TRUSD and Defendants." *Id.* at 1.  Since the motion neither explains why a stay is needed nor specifies the length of stay sought, it is denied.

## Motion to Merge

Plaintiff has filed a motion to merge in this case and *Wu v. McGuire*, 2:24-cv-2827-TLN-JDP.  Plaintiff argues that these cases should be merged because a single trial considering all of her claims would enhance efficiency.  Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions involving common questions of law or fact.  When considered whether to consolidate actions, courts weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).  Here however, because plaintiff has not filed an operative complaint in her other case, I cannot determine whether the actions contain common questions of law or fact.  Accordingly, plaintiff's motion to merge, ECF No. 13, is denied.

## Screening

*Screening and Pleading Requirements*

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

2

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

*Analysis*

Plaintiff's amended complaint spans 58 pages and is difficult to follow. *See generally* ECF No. 11. However, the factual allegations seem to center on (1) plaintiff's termination from her position as a teacher with the Twin Rivers Unified School District ("TRUSD"), allegedly because she refused to sign a settlement agreement with her union, and (2) circumstances of her former attorneys' representation of her against TRUSD.

Plaintiff alleges that she has been engaged in several different lawsuits involving TRUSD over the past decade. Some of these lawsuits have been heard by California's Public Employment Relations Board, while others appear to have been heard by Sacramento County Superior Court, California Court of Appeal, and the United States Supreme Court. What remains unclear, however, is the status of those cases and whether they contain any of the same claims

3

1    alleged here.  For example, plaintiff lists some cases as "NOT FINAL," *Rebecca Wu v. Carreon*,
2    No C093905 (Cal. Ct. App. Apr. 29, 2024), and others as "FINAL," *Rebecca Wu v. Cal. State*
3    *Teachers' Ret. Sys.*, No. C095632 (Cal. Ct. App. Sep. 28, 2023) and *Rebecca Wu v. Pub. Emp't*
4    *Relations Bd.*, 87 Cal. App. 5th 715 (Cal. Ct. App. 2022).  *Id.* at 50.

5          As the court explained to plaintiff in a prior screening order, her finalized cases could
6    implicate the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal courts
7    cannot adjudicate constitutional claims that "are inextricably intertwined with the state court's
8    denial in a judicial proceeding of a particular plaintiff's application [for relief]."  *D.C. Court of*
9    *Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d
10   895, 898 (9th Cir. 2003).  The *Rooker-Feldman* doctrine bars federal courts from adjudicating
11   claims that seek to redress an injury allegedly resulting from a state court decision, even if the
12   party contends that the state judgment violated his or her federal rights.  *Bell v. City of Boise*, 709
13   F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District courts] do not have
14   jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial
15   proceedings even if those challenges allege that the state court's action was unconstitutional.").
16   Plaintiff should amend her complaint only if she has a good faith basis that her claims are not
17   barred by the *Rooker-Feldman* doctrine.

18         Plaintiff also claims that her former attorneys, Rittling and Kerestenzis, conspired against
19   her with her union, TRUSD's human resources staff, and TRUSD's attorneys.  ECF No. 11 at 14.
20   These limited allegations, however, are conclusory and insufficient to put defendants and the
21   court on notice of plaintiff's claims and the factual basis for them.  *See Jones v. Cmty. Redev.*
22   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of
23   particularity overt acts which defendants engaged in that support the plaintiff's claim.").

24         Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow
25   plaintiff a chance to amend her complaint before recommending that this action be dismissed.
26   Plaintiff should also take care to add specific factual allegations against each defendant and also
27   explain why her claims are not barred by the *Rooker-Feldman* doctrine.  If plaintiff decides to file
28   an amended complaint, the amended complaint will supersede the current one.  *See Lacey v.*

*Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for electronical filing privileges, ECF No. 10, is DENIED.

2. Plaintiff's motion to stay this action, ECF No. 12, is DENIED.

3. Plaintiff's motion to merge this action, ECF No. 13, is DENIED.

4. Plaintiff's first amended complaint, ECF No. 11, is DISMISSED with leave to amend.

5. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:   November 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5