UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU,<br>Plaintiff,<br>v.<br>COST KERESTENZIS, *et al.*,<br>Defendants. | Case No. 2:24-cv-3353-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff's second amended complaint alleges claims relating to defendants' conspiracy, retaliation, and her eventual termination from Twin Rivers Unified School District. Plaintiff lists the following defendants: Twin Rivers Unified School District, Costa Kerestenzis, Beeson Tayer Bodine Law Firm, HR Chief Gina Carreon, Superintendent Steve Martinez, TRUSD Board Member Linda Fowler, Michael Baker, Michelle Rivas, Superintendent of Secondary Schools Craig Murray, David Robertson, Layle Bojanski, Deputy Superintendent Bill McGuire, Peter Rittling, and Gregory Dannis. She asserts claims for violation of 42 U.S.C. § 1983 (1st and 14th Amendments), Education Code § 44949, Education Code §§ 44110-44113, California Government Code § 3545(b)(1), and breach of contract. Plaintiff's allegations fail to state a viable claim, and I will dismiss her complaint without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Prior to addressing the complaint at issue, the court takes a moment to address plaintiff's filings in this district. Plaintiff has now filed four different cases with complaints relating to her employment at Twin Rivers. *See Wu v. Sacramento Unified School District*, No. 2:25-cv-0779-TLN-CKD; *Wu v. McGuire*, No. 2:24-cv-2827-TLN-JDP; *Wu v. Twin Rivers United Educators*,

2:24-cv-2707-DAD-AC. So far, none of the complaints have survived screening. Much like the current complaint, each complaint has been lengthy and contains confounding timeliness and factual recitations. Each complaint also details plaintiff's efforts to resolve her disputes through the California Courts as well as the U.S. Court of Appeals and the Supreme Court. Should plaintiff choose to litigate in the future, she should make efforts to provide simple factual allegations regarding her claims. In this action, plaintiff has had ample instruction and opportunity to amend her complaint to state a cognizable claim. Her second amended complaint fails to do so, however.

Turning to the allegations in the second amended complaint, the court has done its best to identify what happened. It appears that starting back in 2015, while Twin Rivers employed plaintiff, defendants began to conspire against her to violate her constitutional rights. This effort manifested when plaintiff was misclassified as a substitute teacher, instead of a teacher on the tenure track. This misclassification caused the denial of her probationary contract and associated benefits. Plaintiff alleges that during this time, she attempted to engage in whistleblowing for the conspiracy but that she was met with retaliation and harassment. She also claims that her ability to engage in free speech was violated and that she was denied membership to a union.

But these are just a few general allegations the court was able to glean from the 60-page complaint. As the court previously warned plaintiff, limited and hard-to-understand allegations are insufficient to put defendants and the court on notice of plaintiff's claims and the factual basis for them. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

Indeed, even complaints filed pro se, must, at minimum, comply with pleading requirements delineated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled

to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff's second amended complaints is far from "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 25, be dismissed without leave to amend for failure to state a claim.

2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE